UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERVIN MIDDLETON, <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF AMERICA, N.A, et al., <br><br> Defendants. | Case No. 2:15-cv-01867-APG-NJK <br><br> **ORDER** |

Plaintiff Ervin Middleton is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Docket No. 1) on September 29, 2015.  This proceeding was referred to this court by Local Rule IB 1-9.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's Complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment*.  See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1      A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

     The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). "Under 28 U.S.C. § 1406(a), the court may dismiss an action laying venue in the wrong district." *Southland Transit*, 2011 U.S. Dist. Lexis 24761, at *2.

     Plaintiff's complaint suffers from numerous deficiencies. *See* Docket No. 1-2. Initially, the property which is the subject of the loan at issue is located in Virginia, not within the District of Nevada. Id. at 3-4, 9, 11-12. As such, the District of Nevada is not a proper venue for Plaintiff's lawsuit. 28 U.S.C. § 1391(b). Additionally, the borrower on the loan is Elaine M. Simmons, not Plaintiff. Therefore, Plaintiff lacks standing to bring this lawsuit. *See Wilson v. JPMorgan Chase Bank, NA.*, 2010 WL 2574032, *6 (E.D.Ca. 2010). Finally, the statute Plaintiff cites in his complaint requires the property at issue to be used as the principal dwelling of the person to whom credit is extended. 15 U.S.C. §§ 1635(a). Plaintiff has failed to allege facts that state a claim under this statute.

. . . .

. . . .

Accordingly and for good cause shown,

**IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED**, with leave to amend. Plaintiff will have until **November 30, 2015**, to file an Amended Complaint, if Plaintiff believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite Ruling (Docket No. 2) is **DENIED** as moot.

Dated this 28th day of October, 2015.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE